## HALL v. DARGAN.

1. After verdict in a trial of the right of property it is too late to object that no formal issue was before the jury, the record showing a trial as upon an issue.

2. The omission of the jury to insert in their verdict the sir-name of the defendant in execution, is wholly immaterial, as the entire sentence could be struck from the verdict without impairing its effect; if necessary the name would be supplied by intendment.

3. A prior indorser is not entitled to have satisfaction entered upon a judgment against him, when the bill indorsed by him is paid by a subsequent party and the judgment prosecuted for his benefit; but under no circumstances has the claimant, in the trial of a right of property, the right to inquire into the execution.

4. When a claim is interposed by a trustee, for the wife, the husband is not a competent witness.

WRIT of error to the Circuit Court of Autauga.

Claim of property under the statute.

The proceedings which appear in the transcript of the record, are—

1. An execution at the suit of E. S. Dargan against Dixon Hall, with the return of the sheriff of a levy on certain slaves thereon named, and the further return that the same were claimed by William S. Hall, and bond given to try the right.

2. The affidavit of William S. Hall, asserting that the slaves levied on by virtue of Dargan's execution, as the property of Dixon Hall, was the affiants own right and property, as trustee, &c. and not the property of the said Dixon Hall.

3. The bond executed by the claimant.

No issue is found in the record, and it is conceded by the plaintiff in execution that none exists in the Court below. The judgment entry recites that the parties came by their attornies, and thereupon came a jury, &c., who being elected, tried and sworn to try the issue joined, upon their oath do say, they find the negroes levied on by the plaintiff's execution, to be the property of Dixon, and not the property of the claimant, and find the property subject to the said execution. Then follows the assessment of the value of each slave, and the judgment of the Court condemning them to sale, or satisfaction of the execution, and rendering costs against the claimant.

In the progress of the trial a bill of exceptions was sealed, at the instance of the claimant, which discloses that the judgment on which the execution issued was founded on a bill of exchange, drawn by Samuel W. Apperson, on one A. C. Lore, in favor of one David S. Campbell, and by him indorsed to Dixon Hall, and by him to Crawford M. Jackson, and by him to Dargan, the plaintiff in execution.

It was also shown that Dargan had been paid the sum due on this bill of exchange by said Jackson, and that an assignment of the judgment had been made by him to Jackson, for whose benefit the judgment was kept open. On this evidence the defendant in execution came into Court, and moved that satisfaction of the judgment should be entered of record. The Court overruled the motion, on the ground that Jackson, the third indorser, had a right to pay the money due on this judgment, and to be substituted by the plaintiff thereon to all his

88

rights; and could control the judgment and collect the money for his own use.

In the further progress of the trial, the claimant offered Dixon Hall, the defendant in execution, as a witness, to whose competency the plaintiff objected on the ground that the claimant, William S. Hall claimed the property, the subject of controversy, as the trustee of Elizabeth Hall and children, who were the wife and children of the witness so offered. The property levied on was conveyed by the will of Dixon Hall, sen'r. to the claimant for the sole and separate use of the said Elizabeth Hall and her children.

On proof [of these facts, the Court excluded the witness on the ground that he was the husband of the person for whose use this property was held in trust.

A verdict was returned and judgment given for the plaintiff, which the claimant now seeks to reverse on the grounds—

1. That no issue was joined between the parties in the Court below.

2. That the judgment does not condemn the slaves levied on as the property of the defendant in execution.

3. Because the Court refused to enter satisfaction on the record of the judgment against Hall.

4. That Hall, the witness offered, was improperly excluded.

WILLIAMS and GEORGE GAYLE, for the plaintiffs in error.

HAYNE and GEORGE GOLDTHWAITE, contra, cited the following authorities to sustain the rejection of the witness: Davis v. Dinwiddie, 4 D. & East, 678; 7 J. J. Mar. 203; id. 263; 2 Stark. 707; 2 Phil. Ev. C. & H's. notes, 151.

. GOLDTHWAITE, J.—The omission of a formal issue is not a matter which ought to cause a reversal of a judgment in any case, but the more especially in this, where only one and that a prescribed issue could be tried by the jury. [Digest,168, §45.] In Abercrombie v. Moseley, [9 Porter. 145,] when speaking of a similar omission, we say "it is always within the power of the plaintiff or defendant to require the pleadings to be in the regular form, and they can respectively claim judgments of default or non pross if the regular steps are omitted. With this

right completely in their power on the circuit, it is unjust that parties should be permitted after a trial, as if an issue was made and submitted to the jury, to reverse the judgment for the omission of a replication or rejoinder." The same reasoning applies with equal if not greater force, to cases like the present; and we do not hesitate to declare that it must govern.

2. It is next urged, that the omission of the jury to state the sir-name of the defendant in execution in the verdict, which declares the slaves in question to be his property, is a sufficient reason to avoid the judgment. We cannot think so, because the whole sentence could be rejected without impairing the verdict, or the name would be supplied by intendment; for the only just conclusion is, that it is omitted by the clerical misprison of the jury or of the clerk in recording it. In no aspect is it a matter to cause a reversal.

3. The refusal of the Court to enter satisfaction of the judgment upon which the execution issued, or the motion of the defendant in execution, was proper enough for several reasons; firstly, because on the payment of the bill of exchange by Jackson, he was right in requiring of Dargan either to assign the judgment or prosecute it for his use against Hall, who was a prior indorser; but chiefly because the motion had no connexion or relation to the issue then before the Court. This principle was settled in Bettis v. Taylor, [8 Porter. 564,] and Stone v. Stone, [1 Ala. Rep. N. S. 582].

4. If the witness who was offered and rejected, had stood merely in the relation of a defendant in the execution, he would have been competent, unless the title passed from him to the claimant coupled with an express trust for his benefit; or unless one would result to him from the circumstances of the conveyance; but in addition to this relation, it appears that his wife was the individual to be benefitted by the successful prosecution of this claim. Husbands and wives can never be witnesses for each other, and it makes no difference in the principle that the interest of the wife is only equitable in consequence of the legal title being vested in a trustee. Such was the case of Davis v. Dunwoody, [4 D. & E. 678,] where the action was trover against the Sheriff, for seizing and selling goods conveyed in trust for the sole and separate use of the wife of the witness. The action was in the name of the executrix of the

surviving trustee, and the husband was offered as a witness to prove the identity of the goods. The Court of Kings Bench held him to be incompetent, on the ground of public policy.— Other cases might be adduced in support of the exclusion, but they are deemed unnecessary, as the point is too clear to admit of illustration.

Our conclusion is that there is no error in the judgment, and it is affirmed.