ROBBINS, et al. v. THE GOVERNOR OF ALABAMA, USE, &c.

1. A bond executed by the name of Jas. W. will be admitted under a declaration which states the obligor's name to be James W.; the latter will be intended to be the true name, and the former a mere contraction of it.

2. *Semble:* Where a sheriff collects the amount of an execution, by receiving property, or in some other irregular manner, and accepts it as a satisfaction from the defendant, if the plaintiff elect so to consider it, the sheriff cannot object, in an action on his bond, that the execution was not paid with the money.

3. In an action on a sheriff's bond, one of the breaches, that the sheriff had before the return day of the *fi. fa.* settled the same with the defendant therein, discharged him from its payment, and thus made himself liable, &c.: *Held,* that the generality of the breach was such, as to admit evidence to show that the act by which the execution was satisfied, was a conversion of the money to the sheriff's use; if such were the case, no demand need have preceded the institution of the suit, and the sheriff would be chargeable with interest from the

time of the conversion, on the amount (saving the cost,) then due on the execution.

Writ of error to the Circuit Court of Coosa.

This was an action of debt at the suit of the defendant in error, for the use of Walter T. Colquitt, against the plaintiffs as the sureties of the sheriff of Coosa, in his official bond. In one breach it is alleged, that the sheriff (since deceased) had collected the amount of a *fieri facias* placed in his hands at the suit of the real plaintiff, &c. which he had failed and refused to pay over. In another breach, it is stated, that the sheriff had before the return day of the *fi. fa.* settled the same with the defendant therein, discharged him from its payment, and thus made himself liable to the party for whose use this suit is brought. The third breach avers that although the defendant in the *fi. fa.* had ample property in his possession, from which the same might have been satisfied, yet the sheriff neglected and failed to levy and satisfy the same.

The cause was tried by a jury on an issue of fact, but the record does not discover in what form it was made up. A verdict was returned in favor of the plaintiff, and a judgment was rendered accordingly. On the trial, a bill of exceptions was sealed at the instance of the defendant, from which it appears that the bond offered in evidence was executed by "*Jas.* W. Yarborough," and the other obligors, while in the declaration this obligor is described as "*James* W. Yarborough." The defendants moved the court to exclude the bond adduced, upon the ground that it varied from that declared on; but their objection was overruled, and the bond went to the jury as proof in the cause.

*Further:* The defendants' counsel moved the court to charge the jury, that upon the second count, the plaintiff could not recover interest beyond the return day of the *fi. fa.*, on the amount of the same, or until after a demand made of the sheriff or his administrator. This charge was refused; but the court instructed the jury, that to enable the plaintiff to recover on that count, no demand was necessary, and that they had full discretion to allow the plaintiff the damages sustained by the breach thereof according to the proof. That they might take the judgment with interest from date as the criterion, or they might allow a less sum, should they deem it commensurate with the damage sustained.

J. A. Elmore and W. P. Chilton, for the plaintiffs in error.—— The variance should have induced the exclusion of the bond from the jury; but if there was no error in this, the charge of the court as to the calculation of interest, cannot be supported. [7 Porter's Rep. 110; 5 Mason's C. C. Rep. 382.]

Morris, for the defendant.—The variance was too trivial to notice. If the declaration had professed to set out the bond according to its tenor, then perhaps it may have been material. [10 Mass. Rep. 203.] The declaration contains but a single count, with three breaches, and the charge was doubtless prayed in reference to the third breach, but if applied to either, the instruction is unexceptionable. The measure of the damages was the amount of the judgment, with interest, since its rendition.

COLLIER, C. J.—The objection that the bond was not correctly described in the declaration, and therefore should have been excluded from the jury, is not well taken. It must be intended that *James* W. Yarborough was one of the obligors in the bond, and that "*Jas* W. Yarborough," the name by which he executed it, was a mere contraction of his christian name; for it is too well known not to be a matter of judical recognition, that *Jas.* is frequently written as an abreviation of *James.*

It is not shown by the second breach alleged, how the sheriff settled with the defendant in the *fi. fa.* the amount thereof; whether by the receipt of money, property or otherwise. The allegation being so indefinite, it would have been allowable for the plaintiff to show that the amount of the execution was not collected in money according to its mandate; but that the sheriff received property, or that he was indebted to the defendant therein, and agreed to satisfy it for him. We need not consider whether any other mode of satisfaction than the payment of money, would be obligatory upon the plaintiff in execution; for if he elect so to consider it, the sheriff will not be allowed to object in an action against him for the money, that he has not done his duty. This breach then being so general, and allowing such a latitude in the evidence, we cannot know but it was proved that the act by which the execution was satisfied, was in itself a conversion of the money to the sheriff's use. If this were the case, no demand of the money need to have preceded the institution of

the suit. And under such circumstances, the sheriff, and of course his administrator, would be chargeable with interest accruing, not only after a demand, but ever since its conversion by the sheriff. The charge of the court as to the mode of computing the damages, was less favorable to the plaintiff than the rule as we have stated it. According to the law as laid down by us, interest might be calculated upon the interest due on the execution up to the time of the settlement between the sheriff and defendant in execution; but the instruction to the jury does not allow the interest to be compounded—it gives it alone upon the principal, from the rendition of the judgment. This, it will follow, from what we have said, was the proper period from which to make the computation. It can scarcely be necessary to adds that the measure of damages against the sureties of the sheriff, if liable at all, is the same as that recoverable of their principal.

No question arises upon the pleadings as to the liability of the defendants; if the facts alleged in the declaration are made good by proof. It is not insisted upon the record, that the proof does not authorise a recovery against them, unless the supposed variance, which we have already considered, will be well founded. But the objection is, that the criterion by which the jury were instructed to estimate the damages, subjected the defendants to a recovery, beyond which the plaintiff was entitled. Applying the prayer for instructions to the second breach, as the declaration contains but a single count, we have seen that the circuit court did not misapprehend the law—its judgment is consequently affirmed.