## CAMERON, Ex'r, v. CLARKE, SMITH & Co.

1. An affidavit to suppress a deposition, because the party attended within the time, but after the deposition was taken, is insufficient, if it does not also state, that he has been injured by his inability to cross-examine the witness.
2. A deposition may be taken at any time, within the time designated in the notice.
3. A plea by an administrator, that the estate has been declared insolvent, is bad, unless it discloses, that the report of insolvency was made by him, and that he still continues the representative of the estate.
4. An attorney who had a note for collection, and received payment in slaves, may be sued on a parol promise to pay his principal, it not being within the statute of frauds.
5. An action for money had and received, may be maintained if the principal elects to consider it a payment.
6. Where an attorney charges himself with an amount collected for his principal, and charges the principal with his fee, the jury may infer a promise from the attorney, to pay the balance.

Error to the Circuit Court of Pickens.

Assumpsit by the defendant, against the plaintiff in error. The declaration alledges, that the testator of defendant, was indebted to the plaintiff, in his lifetime, in the sum of $832, for money had and received before that time by him, for the

plaintiff's use, and being so indebted, undertook, and promised, &c., and concluding with the common breach, without alledging any promise by the executor.

The defendant pleaded—1. Non-assumpsit. 2. The statute of non-claim; and 3, That since the commencement of the suit, to wit, on the 2d Monday of April, 1846, at a regular term, of the orphans' court of Pickens county, having jurisdiction of the premises, of the estate of the said John M. Cameron, was by the action and decree of said court, according to the act of 1843, in such case made and provided, duly declared insolvent, and this the said defendant is ready to verify. Wherefore he prays the court, that if the issues joined on his other pleas in this behalf above pleaded, be found against him, then the judgment of the court be according to the act aforesaid.

To which the plaintiff replied, that as to the decree of said orphans' court, declaring the estate of the said John M. Cameron insolvent, as in said plea mentioned, say, *precludi non*, &c. because they say, that the estate of the said Cameron, was not declared insolvent at any time while the defendant acted as executor as aforesaid, of the estate of the said J. M. Cameron, but after he had resigned his trust as such executor, and that the decree of the orphans' court aforesaid was made at a time when another, and a different individual than this defendant, was acting as the administrator *de bonis non cum testamento annexo* of the said John M. Cameron, deceased, and this he is ready to verify, &c.

To this replication the defendant demurred, which was overruled by the court.

Upon the trial of the cause, as appears from a bill of exceptions, the plaintiff offered to read the deposition of a witness, which was taken pursuant to a notice, that it would be taken at a particular place, and between the hours of 8 o'clock and 4 o'clock of a certain day, which the plaintiff moved to suppress, and made affidavit that he attended at the middle of the day set forth in the notice, and was informed that the deposition was taken, and the witness had left town, whereby he was prevented from cross-examining him.

The court refused to suppress the deposition, by which the plaintiff proved, that the witness called on defendant's testa-

tor, some time in January, 1844, as the agent of the plaintiffs, for payment of the debt in question. That the defendant exhibited the cash book of the deceased, upon which there was to the credit of the plaintiffs, $860 31, collected from Gallatin Young, and a charge on the same book against the plaintiffs of $43 30, commissions for collecting the debt. That defendant promised to pay the debt by a draft on Mobile, and subsequently, that he would pay the debt, if he was compelled to sell slaves of the estate to do so.

The plaintiff also proved by another witness, that defendants testator informed him, that he had received from plaintiffs the note on Young for collection, as an attorney at law. That Young had proposed selling him some negroes, which he was anxious to buy, and that Young had agreed that he might settle for them, by becoming paymaster to the plaintiffs on the note aforesaid. There was no proof that the plaintiffs were privy to this understanding, between Young and the deceased.

The defendant moved the court to charge, that if the jury believed from the evidence, that Young sold negroes to defendant's testator, and that he, in consideration thereof, promised Young to pay his debt to plaintiffs, the promise was not valid except made in writing.

2. That if defendant's testator, as an attorney at law, settled the claim with Young, by taking negroes in payment, without the instructions of the plaintiffs, he could not be made liable to plaintiffs, in an action for money had and received.

3. That the promises and admissions of the defendant, were not evidence to charge the estate of defendant's testator. The court refused to give these charges, and charged the jury, that if they believed from the evidence, that the defendant's testator had collected the note as an attorney, whether it was collected in money or property, his estate was liable for it. That although the promise of the defendant might not bind the estate of his testator, yet if the jury believed that he received in his lifetime, the money or its equivalent, they might regard the promise as evidence of the validity of the claim, he having the possession of his books, and the means of knowing the liabilities of the estate.

To all which the defendant excepted. These matters are now assigned as error.

HUNTINGTON, for the plaintiff in error.

PORTER, contra.

ORMOND, J.—The affidavit of the defendant, made to obtain a suppression of the deposition, was insufficient, as it did not disclose that any injury was sustained by his being deprived of the power to cross-examine. It should have set forth, that if an opportunity for cross-examination had been afforded, he could have proved certain facts material to him, which had been omitted, otherwise there is no motive whatever for retaking the deposition. But independent of these considerations, we think the plaintiff had the right to take the deposition at any time, between the two points of time designated. If this is not so, what is the proper time for commencing it, short of the last moment designated, so as to conclude it within the proper time? We can see no difference between this case, and the usual notice that it will be taken on a particular day, when the party has the entire day to take it in; and it is the duty of the opposite party to attend the whole business part of the day, until the deposition is taken.

When an administrator resigns his trust, and shows that he has fully administered the assets which have come to his hands, or that he has turned them over to his successor, a suit cannot be further prosecuted against him. But when an administrator pleads, or suggests, that the estate has been reported insolvent, as the effect is, that no judgment can be obtained against him as the representative of the estate, it follows necessarily, that such a plea is bad, unless it also shows that the report of insolvency was made by him, and that he is still the representative of the estate. If this were not so, it might happen, that an administrator might waste the assets, and still prevent any judgment from being obtained against him, his own conduct having superinduced the necessity on the part of his successor, of declaring the estate insolvent. The demurrer, therefore, to the replication, which disclosed the fact, that the estate was not declared in-

Cameron, Ex'r, v. Clarke, Smith, & Co.

solvent by the defendant, but by his successor in the administration, was correctly overruled.

The charges moved for were properly refused. The first supposes, that the contract on the part of the defendant's testator was void, unless in writing, being as contended, a promise to pay the debt of another. The facts are, that the deceased, as an attorney at law, had received from the plaintiff, a note for collection, on one Young, which he settled with Young, by purchasing from him some slaves, and agreeing to pay the plaintiffs Young's debt. This is not such a promise as is required by the statute of frauds to be in writing. Here was a full consideration moving from Young, to the deceased, and a parol promise to pay Young's debt to the plaintiffs was sufficient. The case of McKenzie v. Jackson, 4 Ala. 230, is expressly in point.

The second charge proceeds upon the idea, that the action for money had and received, could not be maintained, unless the deceased received the amount due from Young in money. This proposition is equally untenable with the last. Having received from Young the slaves in lieu of money, he cannot controvert it, if the plaintiffs elect to consider it a payment to him of the note in his hands, for collection. [Stewart v. Conner, 9 Ala. Rep. 803.]

The third charge brings up the legal effect of the testimony of the witness, Osgood. He proves, that as the agent of the plaintiffs, he called on the defendant for payment, who exhibited to him the books of the deceased, from which it appeared that he had credited the plaintiffs in his cash book, with the money received from Young, and had charged them with the commissions, as an attorney at law, for collecting the debt. This testimony certainly authorized, if it did not require the jury to infer a promise from him to them to pay the amount so collected. Nor is there any thing in the testimony of the other witness, adverse to this inference. We are clear in the opinion, that there is no error in the record and that the judgment must be affirmed.