## HODGES v. THE BR. BANK AT MONTGOMERY.

1. The husband is an incompetent witness for the wife, in a controversy in which she is asserting property levied on as the property of the husband, to be her separate estate.

2. A decree in chancery, vesting in the wife certain property of the husband, to her sole and separate use, upon the allegation that the husband was indebted to the wife an equal amount, is void, as against the creditors of the husband, if the design in instituting the suit in chancery was to hinder, or delay them, in the collection of their debts.

3. It is not a valid objection to a charge, that it is too general, and the jury might have been misled by it. It is the duty of the party objecting to it, to ask specific instructions.

Error to the Circuit Court of Barbour.　　Before the Hon. G. D. Shortridge.

THIS was a trial of the right of property: an issue was made up, whether the slave was subject to the execution ? The testimony tended to show, that the slave was purchased with the money of John P. Boothe, the defendant in the execution.　The claimant, in order to sustain his claim, showed title to the slave under a decree rendered in the court of chancery, upon a bill filed by Mrs. Martha R. W. Boothe, the wife of the defendant in execution, against her husband, in which it was alledged, that the slave in controversy was purchased with the proceeds of a slave that was the separate property of Mrs. Boothe, and prayed the correction of an *ante-nuptial* agreement; and also, that the title to said slave might be vested in the claimant as trustee, for the separate use of the complainant.　The decree was rendered according to the prayer of the bill.

In order to sustain the *bona fides* of the decree, the claimant offered to prove the admissions and declarations of John P. Boothe, the defendant in execution, made anterior to the filing of the bill, and prior to the existence of the plaintiff's debt, that he was indebted to Mrs. Boothe, and had received the proceeds of a negro slave, that was the separate property of his wife, equal to the value of the slave levied on.　The court rejected the evidence of these admissions and declarations.　The proof tended to show, that the slave was purchased with the money of the defendant in execution, but also, that he was indebted to his wife, before the filing of the bill.　The evidence also tended to show, that the proceedings in the court of chancery, were intended to delay and hinder creditors.　The court charged the jury, that although the defendant in execution might have owed his wife, Mrs. Boothe, more than the value of the slave, at the time of filing the bill, yet if the motive in instituting said suit in chancery, was not for the purpose of paying her, but was intended to hinder or delay the creditors, then as against them,

Dukes v. Leowie.

the decree would be void. To this charge the claimant excepted, and here insists, that the court erred in rejecting the evidence of the admissions of John P. Boothe, and also in the charge given. See 12 Ala. Rep. 120, for this cause at a previous term of this court.

BUFORD, for plaintiff in error.
SAYRE, contra.

DARGAN, J.—The rule is well settled, that a husband, is an incompetent witness, in a controversy respecting the rights of his wife, to sustain those rights. See Hall v. Dargan, 4 Ala. Rep. 696, and the cases referred to. It is equally clear, that a party cannot complain that the charge of the court is too general, if it be not repugnant to the rules of law. In this case the charge is not assailed as contrary to law, but it is insisted that it was too general, and that the jury might have been misled by it. If the claimant desired a more specific charge, it was his duty to ask it of the court below, and it would have been the duty of the court to have given it, if the charge was legal; but in the absence of any request for special instructions, he cannot complain on error, that the charge is too general. See 3 Phil. Ev. 790. In this case the charge is legally correct; if the defendant has failed to request more specific instructions, he cannot alledge his neglect as the ground of error.

It follows that there is no error in the record, and the judgment is affirmed.