# CASES

## ARGUED AND DETERMINED,

## JUNE TERM, 1848.

SAINT v. LEDYARD & CO.

1. When the sureties of a sheriff discharge a judgment obtained against them by the plaintiff in execution, they are subrogated to all the rights of the plaintiff, both against the sheriff and the defendant in execution.
2. A direction by the plaintiffs to their attorney, on receiving payment from the sureties of the sheriff, to deliver to them the papers in the cause, is an authority to make such use of them as is necessary to make their claim against the sheriff effectual.
3. A judgment, on a motion by the sureties of the sheriff, to quash the return of satisfaction, made by him on an execution, of which the defendant in execution had notice, is conclusive upon the defendant in execution, as long as it remains in force.

Error to the Circuit Court of Clarke. Before the Hon. J. Bragg.

MOTION by the plaintiff in error, for satisfaction of a judgment obtained by the defendant in error against him, and to quash an execution which had issued against him on the judgment.

Upon the trial of the motion, the following facts were in evidence. That an execution issued on the judgment of the defendants in error, for $660 68 damages and costs, and another in favor of James Crane, against him, which came to

the hands of the sheriff, and whilst they were in force, the sheriff executed a receipt to him on the 4th May, 1844, for $755 46, in part of the said executions, and on the 29th October, 1844, a receipt of the sum of $446 41, in full of the residue of the debt, interest and costs, in the case of Crane against him.

The plaintiff in error also proved, that the defendant had moved against the sheriff, and G. W. Creagh, and S. Forwood, his sureties, for failing to pay over on demand the money so collected, and on the 5th April, 1845, obtained a judgment against the sheriff and his sureties, for failing to pay over the money so collected on their execution, and which he had returned satisfied.

He also produced a letter from the defendants in error, dated 26th February, 1847, in answer to one addressed to them by his attorney, in which they say, " the demand we had against Saint has been paid to us, whether Saint paid it to the sheriff or not, we can't say. We had no agency in issuing the execution against Saint, and have no interest in the proceedings that we know of." It was also proved, that the money was paid to him by G. W. Creagh, one of the sureties of the sheriff, and that upon the receipt of the money, they directed their attorney to deliver up to him all the papers in the suit against Saint. This was done on the 25th May, 1845.

It was also proved, that when the first receipt of the sheriff was executed to Saint, but one hundred and fifty dollars was paid in money, and the residue of the amount acknowledged to have been received, was a debt from the sheriff to him.

At the fall term, 1846, a motion was made to the court, in the name of Ledyard, Hatter & Co., to set aside the return of satisfaction made upon the execution returned by the sheriff, of which motion the plaintiff in error had notice, and by the judgment of the court on the motion, the return was quashed, and another execution ordered to be issued.

It was also proved, that at the fall term, 1845, of the court the sheriff confessed a judgment to Creagh and Forwood, as his sureties, for $2781 38, which includes the money paid by the sureties for him upon the judgment of Ledyard, Hat-

ter & Co., upon the rule against them and the sheriff. This judgment the sureties were endeavoring to enforce by execution, but no part of it had been paid by the sheriff.

Upon this proof, the court refused to cause satisfaction to be entered upon the judgment of Ledyard, Hatter & Co., against the plaintiff in error, and also refused to quash the execution which issued on the judgment, on the 9th February, 1847. To which Saint excepted, and which he now assigns as error.

HENLEY, for plaintiff in error.

HOPKINS, contra, cited Lyon v. Bolling, 9 Ala. 467; Braham & Atwood v. Ragland, 3 Stew. 247; 3 Wheaton, 526; Mills v. Williams, 2 S. & P. 390; Mason v. Morris, 10 John. 534.

ORMOND, J.—Upon the payment by the sureties of the sheriff, of the judgment obtained by Ledyard, Hatter & Co. against them, for the default of their principal, in not paying over the money which, by the return of the sheriff, he acknowledged to have received of the plaintiff in error, they were subrogated to all the rights of the former, both against the sheriff and Saint, and in addition received from them an authority to use their names, in the prosecution of any suit which might be necessary to enforce their claim against the sheriff. No such authority, to be sure, is conferred in express terms, but the direction to their attorney to deliver them the papers in the cause, must be considered as conferring the power to make such use of them, as was necessary to make their claim effectual.

In virtue of this authority, it appears they moved the court, in the name of Ledyard, Hatter & Co., to quash the return of satisfaction, made by the sheriff upon the execution, which motion was allowed by the court, and a new execution directed to issue. Of the pendency of this motion, the plaintiff in error had notice, and as he was the party directly interested, he is concluded by the judgment, so long as it remains in force. This is a full answer to the motion now made by him, to quash the execution so issued, and enter satisfaction

of the judgment, as this is the precise question determined by the court, in its judgment on the previous motion, and cannot again be brought in question between the same parties.

It is no answer to this, that the sureties have obtained a judgment also against the sheriff, which includes the amount paid by them to Ledyard, Hatter & Co. The judgment is not a satisfaction until actually paid. Should they recover from the sheriff the full amount of that judgment, it may be they will be considered as holding it for the use of the plaintiff in error, to the amount of the $150, which the plaintiff in error paid in money to the sheriff, on the execution of Ledyard, Hatter & Co. Be that as it may, it is very clear they are estopped by the previous judgment of the court, from insisting upon this motion, that any part of the judgment has been paid, as that is the very question which has been adjudged, and determined between these parties.

Whether he could not have relief in equity, against the payment of this sum the second time, if he can show a sufficient excuse for not making defence to the motion to set aside the return of satisfaction made by the sheriff, we need not now inquire.

Let the judgment be affirmed.

On the petition of the plaintiff in error, a re-argument was ordered, and the cause was again argued by HENLEY, for the plaintiff in error. HOPKINS, contra.

HENLEY, for the plaintiff in error, insisted—

1. The evidence set out in the record shows, that the judgment of Ledyard, Hatter & Co. against James H. Saint, was satisfied as against the sheriff, and as far as he was concerned. Robbins v. Gov. use, &c. 6 Ala. 839.

2. It was also satisfied as against the plaintiffs in execution, for that though the act of the sheriff was not binding on them yet his act was not absolutely void, but was at most only voidable; and being only voidable, it was capable of confirmation, and that it was fully confirmed by them—1. In ruling the sheriff and seeking to hold him and his sureties liable, upon the ground that the debt really had been discharg-

Saint v. Ledyard & Co.

ed. 2. In entering up judgment against the sheriff and his sureties, which could only be sustained upon the ground that the execution had been discharged. 3. In receiving the money from the sureties of the sheriff, on the rule against the sheriff. See Cameron, Ex'r, v. Clarke, Smith & Co. 11 Ala. 259, head note 5.

3. By the payment of the money by the sureties, they were only subrogated to the rights of the sheriff. They were his sureties, and not the sureties of the defendant in execution, or of the plaintiffs. 1 Sto. Eq. 477, and the authorities cited.

4. By the pretended assignment of the judgment against Saint, they were placed in the same, or at all events in no higher position than that occupied by the plaintiffs in execution.

5. In all aspects of the case, the defendant was discharged before the proceedings in the circuit court to set aside the sheriff's return.

6. Those proceedings cannot operate to revive the debt. If the debt was in fact discharged, it was discharged without the aid of the sheriff's return, and was not revived by striking out that return. The legal obligation to pay had been extinguished. The sheriff's return was only evidence of that discharge, and not the discharge itself. By striking out the sheriffs return, the parties are put back into the position they occupied before any return was made.

The court affirmed the judgment at this term, upon the ground stated in the opinion of Judge ORMOND, at the June term, 1847, and did not pronounce any other opinion.