## MOONEY & BLACK vs. PARKER.

1. Where the sheriff pays the amount due on an execution in his hands, and no entry of satisfaction is made of record, the plaintiff and defendant are the only persons who can insist on the payment, as a discharge of the judgment; and if they waive their right to do so, the judgment, notwithstanding such payment, must be regarded as a subsisting judgment, under which lands of the defendant, previously sold by virtue of legal process, may be redeemed under the statute.

ERROR to the Circuit Court of Bibb. Tried before the Hon. John D. Phelan.

DAVIS, for the plaintiffs in error.

BUGBEE, for the defendant.

CHILTON, J.—Parker brought his action of assumpsit in the Circuit Court of Bibb county against Mooney & Black to recover on a promissory note for the sum of $266 14, made by them and payable to Parker. The general issue, and several pleas impeaching the consideration, were filed by the defendants. Verdict and judgment for the plaintiff below, from which a writ of error is prosecuted to this court. The point to be decided by us arises out of a bill of exceptions, and may be thus stated : Mooney had become the purchaser, under execution sale, of a tract of land, sold as the property of L. A. Weissinger, and was then in the possession of the same, when Parker came to him and represented himself as a creditor of Weissinger, and as such, entitled to redeem said land, and offered to pay Mooney the money, which, under the statute allowing redemption of land sold under execution, he was entitled to receive; or to give Mooney the privilege of retaining the land and giving his note with security for the debt. Thereupon Mooney executed the note sued on, with Black for his security ; and Parker thereupon produced and delivered to Mooney a transfer from one T. B. Hinton of a judgment in his favor against said Weissinger and one Robert E. Lowe, rendered in the County Court of Perry, on the 28th July, 1845, for $209 33, besides cost, amounting to $12. It appears that Parker, as sheriff of Bibb county, had received an execution on the above named judgment, to be levied and collected by him as such sheriff—that he failed to return the same according to the statute, by reason of the irregularity of the mail, and that he was ruled for such failure and judgment rendered against him for the amount of the execution, which he had paid to Hinton, in consequence of which payment the above named transfer of the judgment was afterwards made.

The question is, whether, under these facts, Parker had the right to redeem; or, in other words, whether there is a valid consideration for this note. The Circuit Court was of opinion that Mrs. Hinton, notwithstanding the recovery and satisfaction by her against Parker, the sheriff, still retained the right to enforce her judgment against Weissinger, or to redeem his lands sold

under execution, and that having that right, she might well transfer it to Parker.

There are several decisions by this court in regard to the right, which the defendant in the execution has to avail himself of the benefit of a payment made by the sheriff, and as to the condition in which a judgment is placed by reason of such payment.

The case of Boren et al. v. McGehee, 6 Port. 432, is the leading case upon this subject. In that, the sheriff voluntarily paid the debt, without the knowledge or consent of the defendant in the execution, and took an assignment of the judgment to himself by the attorney of the plaintiff, and proceeded afterwards to sell lands, upon an execution which subsequently issued, for his benefit. The court held the sheriff's payment a discharge of the judgment, and that such discharge would be attended by the same results, as if it had been effected by a payment made by the defendant to the judgment. But as no satisfaction was entered of record, it was held that a *bona fide* purchaser of land under the sheriff's sale acquired a good title, the execution being only voidable and not absolutely void.

In Johnson v. Cunningham, 1 Ala. 257, it is said, "that if the sheriff be charged with the payment of the plaintiff's execution, he cannot re-imburse himself by a sale of the land; for by a recovery against him, the judgment will be satisfied, and no execution can issue thereupon at his instance.

In Fournier v. Curry, 4 Ala. 321, it was held that an execution issued on a judgment, which the sheriff had discharged by paying the amount to the plaintiff in the execution, is not void, but might be set aside by the defendant in execution, as having irregularly issued. If he omits or declines to do so, no one else can take advantage of it. The court say, "such an advance of money by the sheriff may not only be fair and honest, but may have been induced by the entreaties and promises of the defendant himself, and exclusively for his benefit. He may not therefore desire to avail himself of a privilege confered on him by law for his protection, and if he does not interpose, no one else can." And the court in that case take the distinction between voidable and void process, holding this voidable at the election of the defendant in the execution.—Citing Woodcock v. Burnet, 1 Cow. 737, and Jackson v. Bartlett, 8 Johns. 361.

In Lockhart v. McElroy, 4 Ala. 574, the sheriff had collected the money and failed to pay it over. Execution was also placed in the hands of the coroner, who failed to make the money, whereupon the latter was ruled and judgment for the amount of the execution, with 10 per cent. damages, rendered against him. The sheriff afterwards paid up the money. Held that the plaintiff in the execution could not enforce the collection against the coroner, except for the 10 per cent., as the payment by the sheriff operated a satisfaction of the judgment against the coroner.

In Rutland, adm'r, v. Pippin, 7 Ala. 419, and Roundtree v. Weaver, 8 ib. 314, the court affirm the doctrine, as previously held in Boren v. McGehee, Johnson v. Cunningham, and Fournier v. Curry, that the defendant in the execution may avail himself of the payment which a defaulting sheriff has made, in satisfaction of the execution against him, and that upon his application, the execution will be superseded and quashed. It was, however, intimated in Rutland v. Pippin, and asserted in still more unequivocal terms in Roundtree v. Weaver, that if the defendant in the execution either requested the sheriff to pay the money, or moved to quash the execution by reason of such payment, thereby adopting such payment, the law implied a promise on his part to refund to the sheriff the amount which he paid in discharging the judgment.

In Roundtree v. Holloway, 13 Ala. 357, this court held, in accordance with the line of decision indicated by our predecessors, that where the sheriff had been compelled by rule to pay the judgment, and an execution was nevertheless issued upon it afterwards, and the defendant in the execution availed himself of the payment made by the sheriff, as a satisfaction of the judgment, by superseding the execution and causing it to be quashed, that this amounted to a ratification of such payment by the sheriff on the part of the judgment debtor, and entitled the sheriff to an action of assumpsit against him to recover for money paid for his use, &c.

In Crutchfield v. Haynes, 14 Ala. 49, this court held that a payment and satisfaction of an execution by the sheriff is a discharge of the judgment, and no execution can rightfully issue upon it for his re-imbursement. In that case, however, the sheriff had returned the execution satisfied, which entry appeared endorsed upon the execution docket; and the trustee, to

whom Haynes, the judgment debtor, had conveyed certain slaves to secure Crutchfield, permitted some of the slaves to be sold under the execution upon this satisfied judgment and purchased them himself. The trustee under these circumstances was held responsible.

It would *seem* that there was some incongruity in holding that the payment by the sheriff of a judgment, obtained against him for the amount of the execution in respect of which he made the default, should be considered a satisfaction of the original judgment, and yet that if the defendant sets up the payment thus made, in discharge of the judgment, he thereby makes himself liable to the sheriff for the amount; but upon examination, it will be found that they are not at all in conflict, or without reason. The policy of the law forbids that the sheriff should become the owner of claims, while armed with the process for enforcing their collection,—this might lead to extortion upon defendants; but the rule obtains for the protection of defendants, and the reason ceases when the defendant is allowed to have satisfaction of the judgment entered, which denies to the sheriff the execution of a judgment in his own favor, and puts him to his suit to recover from the defendant the amount; for in this suit, if the sheriff remain in office, the coroner executes the process.

The result of our decisions, we think, is, that where no satisfaction is entered of record by reason of the payment by the sheriff, then if neither the plaintiff, nor the defendant in the judgment, insists upon such payment, as a satisfaction, and the process is placed in the hands of an officer capable of legally executing it, such process is valid, and no one else has any right to insist upon its being vacated. There is certainly no reason for holding that the defendant shall be forced to plead a satisfaction, which but entails upon him the additional cost of a subsequent suit, to reduce the same demand to judgment in the name of another party. The defendant may waive the benefit of the rule designed to guard him against oppression and extortion, and if he chooses so to waive it, we think no one else has the right to complain. Such was the decision in Fournier v. Curry, 4 Ala. 321.

Applying these principles to the facts of the case before us, we think the charge of the court was substantially correct. Hinton, the plaintiff in the judgment, so far from regarding the pay-

ment by Parker as a satisfaction, actually gave to him a transfer of it. It is not shown that Parker, at the time he offered to redeem, was sheriff, but the contrary seems to be conceded, and the defendant, Weissinger, has never elected to treat the judgment as satisfied by availing himself of Parker's payment for that purpose. So that we think the judgment must be considered, as between the parties to this record, as still subsisting. Mooney, who purchased the land at sheriff's sale, has, we think, no more right collaterally to impeach the validity of this judgment, or to insist upon the irregularity of an execution issued upon it, than could a claimant upon the trial of the right of property.— 4 Ala. 696; 13 ib. 433. Here was a judgment against Weissinger which he had never paid, and Hinton was a *bona fide* creditor, within the meaning of the statute allowing a redemption, for the use of Parker, so long as Weissinger permitted the judgment to remain unsatisfied, or refused to exercise his right so to treat it. Then it follows that a redemption might well have been made under the judgment, before the same was ordered to be satisfied, for the benefit of Parker, whether in his own name or in that of Mrs. Hinton, it is not important now to inquire. This being so, it results that the representations of Parker, asserting this right, were substantially correct, and that this note, founded upon them and given to plaintiffs in error, in consideration of the relinquishment of the redemption under the provisions of the law, is upon a valuable consideration. The charges substantially accord with the views of the law as above expressed, and it remains but to affirm the judgment, which is accordingly done.