# Oliver *v.* Camp.

*Assumpsit.*

(Decided May 15, 1913.   62 South. 469.)

1. *Appeal and Error; Questions Reviewable; Evidence.*—Where complaint is made of the exclusion from evidence of an application for an insurance policy offered by plaintiff, and neither the application nor its contents are set out in. the bill of exceptions, this court will presume in support of the ruling of the trial court that the application did not tend to support the complaint.

2. *Same.*—Where a policy of insurance is offered by plaintiff in evidence, but the bill of exceptions does not set out the policy or show to whom it was issued, this court will presume on appeal that the exclusion was proper on the ground that the policy had no connection with any issue in the case.

3. *Assumpsit; Money Paid; Nature and Form of Remedy.*—An action by plaintiff for money paid does not lie unless paid on a request, express or implied, on the part of defendant, or his authorized agent.

4. *Same.*—A request of another to make a payment for him sufficient to support an action for money paid may be implied from a subsequent ratification of the payment.

5. *Charge of Court; Misleading Instructions; Duty.*—Where a charge otherwise correct is supposed to be misleading, the duty is on the complaining party to request an explanatory instruction, and failing to do so, he cannot complain.

APPEAL from Jefferson Circuit Court.

Heard before Hon. JOHN C. PUGH.

Assumpsit by George C. Oliver against John T. Camp. From a judgment for defendant, plaintiff appeals. Affirmed.

Charge 1 referred to in the opinion is as follows: "I charge you that the burden of proof is on the plaintiff to reasonably satisfy you that any money which may have been paid by plaintiff for defendant to make defendant liable therefor must have been paid by the plaintiff at the request of defendant before the plaintiff can recover it back."

[Oliver v. Camp.]

BURGIN, JENKINS & BROWN, for appellant. The evidence supported an action for money paid as no estoppel is shown.—27 Cyc. 843; *Evans v. Billingsly*, 38 Ala. 395; *Poe v. Dora*, 20 Ala. 288; *Roundtree v. Holloway*, 13 Ala. 357; *Roundtree v. Weaver*, 8 Ala. 314. The request may be expressed or implied, and may be shown by a subsequent ratification of the payment.—27 Cyc. 837-843, and authorities supra.

W. T. HILL, for appellee. No brief reached the Reporter.

WALKER, P. J.—This was an action on the common counts. The count sought to be sustained by evidence was the one for money paid by the plaintiff for the use of the defendant at his request. The evidence for the plaintiff tended to prove that he paid the premium on an accident policy which he as an insurance agent procured to be issued to the defendant; there being evidence tending to prove that the defendant made written application for a policy, and also that he ratified the issuance of the policy by promising to pay the premium after the policy was delivered to him. The evidence for the defendant tended to prove that he did not apply for the policy; that the signature to the application was not his; that he did not promise to pay the premium or request the plaintiff to pay it for him; and that, if the policy was ever in his possession at all, it was placed in his desk without his knowledge.

The plaintiff offered in evidence an application for an accident insurance policy, "which," as stated in the bill of exceptions, "purported to have been signed by the defendant, and said witness testified that the defendant signed same." The plaintiff excepted to the action of the court in sustaining an objection of the defendant to

the admission in evidence of this instrument. The bill of exceptions does not set out the application, or inform us of its contents. We cannot presume that it contained anything having a tendency to support any allegation of the complaint. On the contrary, to support the ruling of the trial court, it may be presumed that it had an opposite tendency; as, for instance, that its terms were such that the policy applied for was not to be effective, and that no premium on it was to be due or payable, except on the written consent of the defendant after the policy was submitted to him for examination. The record does not show that the court was in error in excluding this evidence.

Nor does the record show that the court was in error in sustaining the objection of the defendant to the admission in evidence of a policy of insurance offered by the plaintiff. The policy is not set out in the bill of exceptions, nor is it shown to whom it purported to have been issued. For anything that appears to the contrary, it may have been a policy which was payable to some one who was a stranger to the defendant. It may have been a paper having no apparent connection at all with any question involved in this case.

An action for money paid does not lie except upon a request on the part of the defendant or his authorized agent. The request may be either express or implied. One's request of another to make a payment for him may be implied from his subsequent ratification of the payment.—*Ross, Adm'r, v. Pearson,* 21 Ala. 473; *Evans v. Billingsley's Adm'r,* 32 Ala. 395; *Mooney & Black v. Parker,* 18 Ala. 708; 27 Cyc. 837.

There is nothing in charge 1 given at the request of the defendant which is inconsistent with the propositions just stated. The requirements stated in that charge would be met by proof of a request by the de-

fendant which was either express or implied. That the plaintiff did not claim, and that the court was not to be understood as ruling, that more was required of the plaintiff than to prove that the defendant ratified the payment of the premium made for him by the plaintiff, is indicated by the statement contained in written charge 2 given at the defendant's request. Certainly the general proposition is correct that a count for money paid by the plaintiff for the defendant at the latter's request requires for its support evidence of a request by the defendant. The most to be said against the charge under consideration is that it might be regarded as misleading because of its failure to state that the request required to be proved by the plaintiff could be either express or implied. This is not a fault which would make it error for the court to give the charge. It may be presumed that any tendency of the charge to mislead in the particular mentioned would have been obviated by the court's giving an appropriate explanatory charge if it had been requested to do so.

What has been said disposes of the rulings which have been assigned as errors.

Affirmed.