NEW-YORK,
Nov. 1809.

ELMENDORPH
v.
TAPPEN and
others.

ELMENDORPH *against* TAPPEN, TREMPER and others.

Where *A. B.* and *C.* being partners in a distillery, became jointly bound with *D.* as their surety, on a bond to the *United States,* for the payment of the duties on distilled spirits, and *A* one of the obligors, requested *E.* to pay the amount due on the bond to the *United States,* and promised that he should be paid, and *E.* having paid the amount, called on *A.* who promised that it should be ,paid. In an action of *assumpsit,* brought by *E.* against all the co-obligors, for the amount paid on the bond, it was held that *D.* one of the obligors, being a surety only, and having no interest in the distillery, was not liable: Though the other two obligors being parties in interest, would be liable on an implied *assumpsit,* arising from the promise of *A.*

THIS cause came before the court, on a writ of error, from the court of common pleas of *Ulster* county.

The plaintiff sued the defendants below, in an action of *assumpsit.* The declaration was for goods sold and delivered, money lent, and money had and received to the use of the plaintiff; and on an *insimul computassent.* The defendants pleaded *non assumpsit.*

At the trial, the plaintiff gave in evidence a bond, dated the 26th of *August,* 1798, executed by the defendants to the *United States,* for 2,000 dollars, conditioned that if *George Tappen, John Tappen* and *William Gilmore,* (being all the defendants except *Tremper,*) shall at the expiration of nine months, well and truly pay, or cause to be paid to the *United States,* &c. the full amount of the duties payable by the laws of the *United States,* on all such spirits distilled, at a certain distillery at *Kingston,* belonging to the said *George Tappen, John Tappen* and *William Gilmore,* which shall be removed from the said distillery, within three months next ensuing, then, &c. otherwise, &c.

The plaintiff then proved, that in 1799 or 1800, the defendant, *John Tappen*, in a conversation with the plaintiff, who was an officer of the revenue to collect the duties on distilled spirits, requested the plaintiff to pay the amount due on the bond (56 dollars and 22 cents) to the supervisor of the revenue, and he would be paid ; and that the plaintiff afterwards paid to the supervisor the amount. The plaintiff further proved, that in 1806, before the commencement of the suit below, the bond was shown to the defendant, *John Tappen*, who was informed, that the plaintiff had paid the amount marked for duties, to the *United States ;* that *John Tappen*, admitted the sum marked on the bond to be due, and that it ought to have been paid, and would have been paid, but that he wished to see one of the other defendants, *George Tappen*, before he did pay it. The counsel for the defendant then insisted, that this promise to pay, being made by *John Tappen* only, he alone was liable ; and the court below being of that opinion, nonsuited the plaintiff; on which a *bill of exceptions* was tendered to the opinion of the court.

*Sudam*, for the plaintiff in error.

*Hawkins* and *Ruggles*, contra.

KENT, Ch. J. delivered the opinion of the court. The plaintiff below declared upon a joint promise by all the defendants ; and unless the evidence offered, supported the charge of a joint *assumpsit*, either express or implied, he was properly nonsuited. I did think, at first, that the consent of all the joint debtors was implied, by the request of one of them to the plaintiff, to pay their bond ; but on adverting to the condition of the bond, this inference cannot be supported. It appears on the face of the bond

NEW-YORK,
Nov. 1809.

ELMENDORPH
v.
TAPPEN and
others.

that the debt was the proper debt of three of the co-obli-gors, but that *Tremper*, the other co-obligor, was mere-ly a surety, and that he had no interest in the distillery, for securing the duties on which the bond was given. A request by one of the debtors might, perhaps, well enure as the request of all who were concerned in interest and were ultimately responsible to each other, for the payment of a ratable proportion of the debt. If the defendant who made the request to the plaintiff, had himself paid off the bond, he never could have called upon *Tremper* to contribute, though as between the other defendants, who had equal interest, he might. They were partners in the distillery, and the act of one might, perhaps, well be deemed the act of all. This however ought not to be extended to *Tremper*. When the bond was once discharged, he had no further concern or interest in the transaction; and a payment at the request of one of the obligors, ought not to have a greater operation than an actual payment by that one. The court are accordingly of opinion, that the law in this case will not imply an *assumpsit* in *Tremper*, that the nonsuit was properly directed; and that the judgment must be affirmed.

Judgment affirmed.