#### FOR THE

### COUNTY OF ORANGE,

#### FEBRUARY TERM, 1844.

---

PRESENT,

Hon. CHARLES K. WILLIAMS, Chief Judge.
Hon. STEPHEN ROYCE,
Hon. MILO L. BENNETT, } Assistant Judges.
Hon. WILLIAM HEBARD,

---

### GUSTAVUS ROLFE *v.* CHARLES M. LAMB, AMOS HUTCHINSON AND BENJAMIN HALL.

Where money is lent to the principal in a note, to be applied in payment of the note, and which is by him so applied, the law will not, in the absence of express proof, *imply* an authority from those who signed the note as sureties only, to the principal, to borrow the money on the joint credit of the principal and sureties, nor a promise from the sureties to the lender to repay the money so borrowed.

BOOK ACCOUNT. The defendants presented no account; the plaintiff's account contained but a single charge, which was for $88.00 in money, in reference to which the auditor reported the following facts.

The defendants had executed jointly a note to Holmes & Homer of Boston; but, as between themselves, Lamb was the principal and the other two defendants sureties only. The note was sent to an

attorney for collection, and Lamb called upon the plaintiff and borrowed the money, charged in the plaintiff's account, to pay upon said note, and did pay it upon the note. The plaintiff at that time, and ever since, supposed that the loan was made to the three defendants jointly, and that he had good right to charge it to the three, and he did in fact so charge it upon his books at the time. The defendants, at the time, all supposed it to be a loan to Lamb alone, and did not know, until long afterwards, that the money was charged to the three jointly. The auditor reported that he did not find, from the testimony, that the defendants Hutchinson and Hall ever authorized the plaintiff to deliver the money to Lamb upon their credit, or the credit of the three jointly, nor to charge the money as he did. And none of the defendants, excepting Lamb, ever subsequently promised to pay the money to the plaintiff. From these facts the auditor decided that the defendants were not liable.

The county court accepted the report of the auditor, and rendered judgment for the defendants. Exceptions by plaintiff.

*Underwood* and *Rolfe* for plaintiff.

The money was loaned for the benefit of the *three* defendants, so far as the plaintiff was concerned. The report, it is true, finds that Hutchinson and Hall were sureties, only, on the note; but the report does not bring home a knowledge of that fact to the plaintiff at the time of the loan; so far as he was concerned, they were *prima facie* principals, and must be so regarded in this case, unless the contrary fact were known to the plaintiff. They were in the nature of partners, of whom Lamb, in negotiating the loan, was the active member.

The report does not find any express authority from the three defendants to the plaintiff to lend upon their credit, nor any express promise, by them jointly, to pay; but the plaintiff contends, that, from the facts found in the case, the law would *imply* a joint promise to pay. *Hill* v. *Davis*, 3 N. H. Rep. 384. *Gunnison* v. *Bancroft*, 11 Vt. 490.

*J. S. Marcy* for defendants.

The mere relation of joint debtors does not empower either to negotiate a loan on their joint credit, though to be applied on their

joint debt; and, had Lamb undertaken to do this,—which he did not, — he could not have bound the other two, though all had been principals in the note paid; much less could he do it, when the other parties were merely his *sureties*, as they were in this case. The debt paid with this money was Lamb's individual debt, as it respects all the world, except, perhaps, the payee, or an indorsee, of the note.

The opinion of the court was delivered by

BENNETT, J.   The question presented to us resolves itself into this; does the request of the defendant Lamb to the plaintiff, to lend him money to pay a note signed by him as principal, and by the other two defendants as his sureties, and the application of the money to that purpose, enure in law as the request of all the defendants? Though it may be true, that, among *joint principals*, the request of one may, in law, enure as the request of all, yet that principle cannot control this case.   The case of *Lapham* v. *Barnes et al.*, 2 Vt. 213, is conclusive of the present question.   See, also, *Elmendorf* v. *Tappen*, 5 Johns. 176.   It is not found by the auditor that Hutchinson and Hall in fact authorized Lamb to borrow the money on their joint account, or subsequently assented to its being charged to them.

The judgment of the county court is affirmed.