## ROUNDTREE v. WEAVER.

1. If a sheriff has become liable for a failure to collect the money upon an execution, and pays the same to the plaintiff, another execution cannot be issued on the judgment for the purpose of reimbursing the sheriff.

2. Where an execution is superseded upon the petition of the defendant, it is competent to submit a motion to quash it, not only upon the grounds disclosed in the petition, but upon any other that will avail.

3. *Semble*, if the defendant approves the payment of an execution against him, made by the sheriff, in whose hands it was placed for collection, by moving to quash an *alias fi. fa.* upon the ground of such payment, the sheriff may maintain an action of assumpsit to reimburse himself.

Writ of Error to the County Court of Dallas.

THE facts of this case are briefly these; the defendant in error obtained a judgment against the plaintiff, an execution was duly issued thereon, and placed in the hands of Thomas O. Holloway, then sheriff of Dallas, which he failed to collect; thus he rendered himself liable, and was threatened with a rule, unless he advanced the money, or made some arrangement satisfactory to the plaintiff in execution, or his attorneys. Holloway accordingly confessed a judgment in favor of the plaintiff's attorneys for the amount of the execution, which he has since paid over to them. One of the plaintiffs in this latter judgment, advanced to defendant in error the amount of his judgment, and was refunded by Holloway.

It was the habit of the plaintiffs' attorneys, to allow to sheriffs the benefit of judgments and executions on which they advanced the money that they had failed to collect; and it was the understanding in this case, that the execution was to be kept open for Holloway's benefit.

Holloway had ceased to be sheriff before the confession of judgment in favor of the plaintiff's attorney, and the execution in this case subsequently issued for his benefit, according to the understanding between him and the plaintiff's attorney.

Upon these facts being shown, the County Court refused to quash the execution, which issued for Holloway's benefit, and dismissed a petition upon which a *supersedeas* had been granted.

G. W. GAYLE, for the plaintiff in error, insisted that a sheriff could not pay off an execution, and use it for his own benefit. [6 Porter's Rep. 432; 4 Ala. Rep. 321.]

C. G. EDWARDS, for the defendant, contended, that the petition for the *supersedeas* was properly dismissed, as it was not supported by the proof. *Further*, the plaintiff had no agency in the arrangement with his counsel and Holloway; there was nothing unfair or oppressive in it, and it should be upheld.

COLLIER, C. J.—In Rutland's adm'r v. Pippin and another, 7 Ala. Rep. 419, it appeared that the sheriff of Greene, on the 19th May, 1842, paid to the agent of the plaintiff in execution, the amount due thereon, saving sixty dollars, the attorney's commissions, (which they afterwards received.) This payment was an

advance by the sheriff, in discharge of an official liability consequent upon his neglect. In respect to the question, whether the defendants could avail themselves of the payment of the amount of the execution, so as to destroy the vitality of the judgment, we said, "this cannot be regarded as a disputable point in this State." The cases of Boren, et al. v. McGehee, 6 Porter's Rep. 445; Fournier v. Curry, 4 Ala. Rep. 323; Johnson v. Cunningham, 1 Ala. Rep. N. S. 257, are cited and considered conclusive against the right to sue an execution on the judgment.

The facts of the case before us are quite as strong as those stated in any previous adjudication upon the subject, and bring it fully within the principle above stated.

We have not looked into the petitiun to ascertain if it harmonizes with the proof adduced. The petition should certainly have stated the facts truly, but its object was to supersede the execution, and that being attained, it was competent for the defendant to submit a motion to quash the execution, not only upon the grounds stated in the petition, but upon any other that would avail him. This conclusion is so obviously correct, and consonant to the practice in such cases, that it is difficult to illustrate it more clearly.

In Rutland's adm'r v. Pippin and another, *supra*, it was supposed to be unnecessary to consider, whether, if the sheriff paid the money at the request of the defendant, he could not maintain an action against them for money paid, laid out &c., or whether the motion to quash, and thus obtaining the benefit of it, would not warrant the presumption of a previous request, or subsequent adoption of it. We may now add, that if the defendant approves the payment, by moving to quash, we cannot very well perceive how he can avoid a recovery, in an action at the suit of the sheriff for his reimbursement.

Without adding more, we have but to declare, that the judgment is reversed, and the cause remanded.