JEFFERSON GARTH vs. JAMES McCAMPBELL, ET. AL.

A Sheriff who, out of his own funds, satisfies an execution, can not afterwards have an execution issued on the same judgment for the repayment of the money so paid by him.

## ERROR to Callaway Circuit Court.

TODD, *for Plaintiff in error:*

### POINTS AND AUTHORITIES.

1. The Court will permit amendments to show the truth of facts upon all writs of execution. 3 Mars. 350, in lieu, see 2 Pirtle's Digest, p. 224, §114.

2. The fact that the officer is to be benefitted or injured by the amendment, will not control the discretion.

3. This motion is an equitable one, and the Court will substitute an officer for the plaintiff where he has, *even by negligence,* been compelled to pay money for defendants in an execution; and will permit him, with plaintiff's consent, to use the execution to recover the money.　1 Litt. 137.　5 Mon. 128.　9 Mo. Rep. 45 and seq.

JAMISON & HARDIN, *for Defendant in Error:*

### POINTS AND AUTHORITIES.

1. A motion should have been made and entered of record on the day on which defendants were notified to appear in Court.

2. Parties to an execution ought to be concluded by the return of the Sheriff.　3 Mon. Repts. 350.　Caldwell vs. Harlin, 1 Lit. Rep. 17.

3. If a Sheriff or other officer to whom an execution has been directed, makes payment of the same, it cannot afterwards be levied on the goods of the debtor for the benefit of him who made the payment; such payment being in law a full discharge of the execution and a satisfaction of the judgment.　7 John. Rep. 426.　Reed vs. Pruyn and others, 9 Mass. Reps. 138.　Hammatt vs. Wyman, 17 Mass. Rep. 153.　Brackett vs. Windum, 3 Lit. Reps. 131—2—3.　9 Mo. Reps. Baily vs. Gibbs, 45.

SCOTT, J., *delivered the opinion of the Court.*

Garth recovered a judgment against McCampbell, the Sheriff of Callaway County, and his securities. An execution was issued on the judgment and placed in the hands of Bailey, the Coroner. Influenced by the representations and promises of others, and believing that the money would be paid, Bailey returned the execution, "satisfied by order of the plaintiff's attorney" without having received the money. Finding that his return rendered him liable for the debt, Bailey satisfied it. He then made a motion, which is the ground work of the proceeding, to amend his return, so that the execution may not appear to be satisfied, and so that in the name of Garth, he may have execution against McCampbell and his securities. This motion was overruled, and the cause is brought here.

It is clear that when an execution has once been satisfied, the judgment, which was the foundation of the writ, becomes extinguished, and can no longer be made the ground work of any process. If a Sheriff has an execution against a defendant, and satisfies it with his own money, he cannot afterwards use it against him. The writ is *functus officio.* His remedy is an action for the money advanced. Bailey admits that the execution of Garth has been satisfied. Then the judgment is extinct, and cannot be the foundation of another writ. Reed vs. Pruyn and Staats, 7 John. 426. The matter in controversy between these parties, was before this Court in another shape in the case of Bailey vs. Gibbs, 9 Mo. Rep. The party failed then because as the case appeared to the Court, one was endeavoring to compel a surety to refund money which he had paid for the principal. Bailey paid money for McCampbell, the Sheriff. No doubt McCampbell is liable to him for it. But on what principle was Gibbs liable to him who advanced the money, he being a mere surety for McCampbell? So that a recovery cannot be had against McCampbell's securities without sustaining the principle that a person who voluntarily pays the debt of a principal, may recover the sum paid from a security for that debt, which is directly against law. Yoder vs. Briggs, 3 Bibb, 228. Elmendorf vs. Tappen, 5 John. 176.

The other Judges concurring, the judgment will be affirmed.