## ROUNDTREE v. HOLLOWAY.

1. If the sheriff discharge an execution, by paying the amount to the plaintiff, the defendant is liable to the sheriff in assumpsit, if he authorized the sheriff to make the payment, or assents to, and adopts it after it is made. A motion by the defendant to quash an *alias* execution, on the ground of such payment by the sheriff, is such a ratification and adoption of the act of the sheriff, as will make the defendant responsible to him for the amount.

Error to the Circuit Court of Dallas. Before the Hon. E. Pickens.

ACTION of assumpsit by the defendant in error against the plaintiff. The declaration contains the common counts. Pleas in short: 1. Non-assumpsit. 2. That the demand sued for is an open account, and the same is barred by the statute of limitations of three years. That the money sued for by the plaintiff, was paid by plaintiff as sheriff of Dallas county, on an execution against defendant, and without his consent. 4. Set off. The plaintiff took issue on the first,

second, and fourth pleas, and demurred to the third. The demurrer being overruled, he replied, "that the defendant afterwards recognized, and adopted, and assented to said payment, by moving to quash, and thereby became liable and promised to pay plaintiff." To which replication there was a demurrer, which was by the court overruled. Judgment for the plaintiff below on verdict. The judgment on the demurrer to the replication to the third plea is assigned in this court as error.

G. W. GAYLE, for plaintiff in error.

1. *Indebitatus assumpsit* cannot be maintained for money paid out and expended, without proof that it was at the request of defendant. See Weakly v. Brahan & Atwood, 2 Stew. 500; Menderbrack v. Hopkins, 8 J. R. 436; Beach v. Vanderburg, 10 J. R. 360.

2. The replication, if stricken out, would contain the petition for *supersedeas*, and the facts upon which the *supersedeas* and motion to quash was founded; because a motion to quash may be made for many reasons not connecting the plaintiff with the case at all, as that defendant paid the money himself, or was a certified bankrupt, &c. The petition therefore, shows that Roundtree paid the money himself. If the replication shows this, it is bad, because it shows a state of facts which do not authorize Holloway to recover in law, equity, or common honesty.

3. If the replication is not construed to confess, avoid, or deny the plea, then it is bad. See Mason v. Craig, et al., 3 Stew. & P. 389.

4. If the replication is a nullity, the court erred in submitting the case to a jury. See Wheelock v. Fitch, 3 Por. 287; 2 Stew. 433.

LAPSLEY, for defendant.

CHILTON, J.—It was left by this court, in Rutland's Adm'r v. Pippin, et al. 7 Ala. Rep. 419, an open question whether, if the sheriff paid the money demanded by an execution in his hands to be levied, at the request of the defendant in the execution, he could maintain an action against

Roundtree v. Holloway.

the party so making the request, for money had and received; or whether, if the defendant to the *fi. fa.* availed himself of the payment so made, upon a motion to quash the execution, and thus obtaining the benefit of it, he would be liable upon the presumption of a previous request, or subsequent adoption of such payment; and in the subsequent case of Roundtree v. Weaver, 8 Ala. Rep. 314, the court say, "if the defendant approves the payment by moving to quash, we cannot very well perceive how he can avoid a recovery in an action by the sheriff for his reimbursement. It is certainly true, that one man cannot make another his debtor without his consent, but if he pays money for which another is liable, and it is insisted upon by the latter as an extinguishment of such liability, and the same is so treated, this is an adoption of the payment, and is as effectual to charge him, as though the payment had been made at his special instance.

The third plea avers, that the money was paid by the plaintiff below, as sheriff of Dallas county, on an execution against the defendant, and without his consent. The answer of the plaintiff is, "after the payment was so made, the defendant recognized, adopted, and assented to said payment by moving to quash, and thereby became liable, and promised to pay plaintiff." These pleadings, by the courtesy which is so liberally extended usually at the bar, are in short. We must then, in accordance with the former decisions of this court, consider them as drawn out in proper form, but as containing the substance only of what is stated in short.

Applying this rule, we think the above plea is good. Its evident meaning is, that the defendant below availed himself of the payment made by the sheriff in quashing the execution, and thereby recognized, adopted, and assented to the payment. This is the only reasonable construction which it will bear, when considered in reference to the plea which it follows, and purports to answer. The plea need not set out the petition for the supersedeas. It is sufficient that the plaintiff should aver, that the defendant below adopted and sanctioned the payment of the money, by insisting upon it as a satisfaction of the execution, and by

procuring the quashal of the execution by virtue of such payment. Or if he had copied the petition in his plea, and set out the entry of satisfaction, which we may infer was made thereon by the court, he would not have been estopped from showing that his money, instead of the funds of the defendant in the execution, had been appropriated to its payment. The plaintiff below was neither party or privy to the record, and was not therefore estopped by it. Besides, the court is not bound, in quashing the execution, to look alone to the grounds stated in the petition for supersedeas, but may show any other cause for quashing it which would be legal. The petition to supersede merely has the effect to suspend the execution, if the same is allowed and bond given; and although it may be pleaded to, if the parties choose thus to make up an issue, or, though it may be dismissed, still the party would have a right to make his motion to quash the execution. We think the replication to the third plea substantially good, and the demurrer to it properly overruled.

Let the judgment be affirmed.