## POE, SHERIFF vs. DORRAH.

1. The interest which will disqualify a witness from testifying must be some legal, certain and immediate interest in the result of the suit itself, or in the record thereof as an instrument of evidence to support his own claims, or to protect him from an admitted liability.

2. The payment, by the sheriff, of a judgment recovered against himself, for his failure to make the money on an execution, is not a satisfaction of the original judgment, unless the defendant adopts the payment, and insists upon it as a satisfaction of the judgment against himself.

3. The surety on a replevin bond, which has been returned forfeited, is a competent witness for the plaintiff in an action against the sheriff for failing to make the money on the execution.

4. If the sheriff pays off and discharges the judgment against himself, and the surety on the forthcoming bond insists on such payment as a satisfaction of the judgment on which he has become liable by reason of the forfeiture of the bond, he thereby becomes liable to the sheriff for money paid for his use.

5. Secondary evidence of the contents of an execution is admissible, upon proof that it has been returned to the clerk's office, and that diligent search has there been made for it, both by the clerk and the party's attorney. The presumption of its loss being once established will continue, until there is some evidence that it had been found since the search.

6. The release by the plaintiff of his own property, which had been levied on as the property of the defendant in execution, does not discharge the sheriff from liability, for not making the money out of property which really belonged to the defendant.

7. Nor can the sheriff claim to be discharged from liability, because the plaintiff releases a levy on property to which a claim is interposed by a third person, and bond given to try the right of property according to the statute.

ERROR to the Circuit Court of Fayette.

Tried before the Hon. William R. Smith.

This was a proceeding, by motion, against the sheriff of Fayette to recover of him the amount of an execution issued in favor of Elizabeth Dorrah against Thomas J. Parkenson, upon the suggestion that he could have made the money by proper diligence. Upon the trial, it appeared that an attachment had been issued at the suit of the plaintiff against Parkenson, and levied on certain property, which was replevied by giving bond with one Warbington as security for its delivery. It further appeared that judgment had been rendered in the attachment suit, and execution had been issued thereon, which was returned "no property found." The re-

plevy bond was then returned forfeited.  To fix the liability of the sheriff, the plaintiff introduced the testimony of Warbington, the security on the replevy bond; the sheriff objected to his competency as a witness on the ground of interest, but his objection was overruled, and he excepted.  The execution itself, which was issued on the judgment rendered in the attachment suit, was not produced, and to lay the foundation for secondary evidence, the plaintiff proved by her attorney that about two years before the trial, he and the former clerk of the court had diligently searched the office, and it could not be found, and then offered to read the execution docket, showing that the execution was issued on the 24th of May, 1842, and had been returned by the sheriff with his return endorsed theron, prior to the time the search for it was made.  To this evidence the sheriff objected, but his objection was overruled.

It was also in proof that the sheriff had levied the execution on land in the possession of Parkenson, of value sufficient to satisfy the judgment, but that this levy was discharged by order of the plaintiff, as she claimed it as her own, and, upon the trial of this motion, introduced a deed tending to show that it was hers.  It further appeared, that subsequent to the return of the original execution, upon which this motion is founded, an execution had been issued on the replevy bond against both Parkenson and Warbington, which was levied on personal property, but it was claimed by a third person, and affidavit made for the purpose of trying the right of property, but the plaintiff also released the levy on this property; the testimony of Warbington tended to prove, that the sheriff could have made the money on the original execution against Parkenson by proper diligence.

Upon this testimony the sheriff requested the court to charge the jury, that the discharge of the levy made upon the land by the plaintiff, and the subsequent acts of returning the bond forfeited, and the issuance of an execution on said bond, discharged him from liability, which the court refused to give; other instructions were prayed, which were refused, but it is not material to state them.

P. & J. L. MARTIN, for plaintiff in error.

1. Warbington was directly interested, and should not have been allowed to testify. 18 Ala. 659; 14 ib. 244; 11 ib. 659;

2. The proof made of the loss of the execution was not sufficient to let in secondary evidence of its contents; and the mode of proving its contents was not sufficient.

3. The issuance of a second execution on the forfeited bond waived the claim, if any, on the first against the sheriff.

4. The release of the levies discharged the sheriff.

5. The course of the plaintiff in error was proper under the statute, after the land levied on was released, in demanding the property attached. If the defendant in error intended to rely on the liability of the sheriff, for failing to make the money on the first execution, she ought to have prevented the issuance of the second. The lapse of time between the return of the execution and the making of this suggestion is proper here to be considered. See 16 Ala. 130.

E. W. PECK, *contra.*

1. The deposition of the witness, Warbington, was properly admitted. To exclude a witness on the ground of interest, he must have a certain and direct interest in the event of the cause, or an interest in the record for the purpose of evidence. 1 Starkie Ev. 20; 3 Porter 433; Gould v. James, 6 Cowen 369. It is not sufficient that he is interested in the question merely. The verdict must establish something in his favor or against him. 3. U. S. Digest, page 688, § 42, and the cases cited, particularly Harraise v. Maxwell, 5 Halsted's Rep. 297. In this case, the witness, in contemplation of law, had no interest either in the record or the event of the cause; whether the defendant in error succeeded or failed in her motion against the plaintiff in error, the liability of the witness would remain the same. Moony & Black v. Parker, 18 Ala. 708, and the cases cited.

2. On the question raised on the admissibility of the execution docket, I insist, 1st. That was evidence, without accounting for the loss of the execution; but 2d. If it was not, the evidence of its loss was sufficient to let in the execution docket as secondary evidence. Mordecai v. Beal, 8 Porter 535; Swift v. Fitz Hugh, 9 Porter 39; Jones v. Scott, 2 Ala. Rep. 58; Sturdevant v. Graves, 5 Ala. Rep. 435.

DARGAN, C. J.—We will consider the questions raised in this case in the order in which they were made at the bar. First, was Warbington a competent witness for the plaintiff? The rule is now recognized by all courts professing to be governed by the common law, that the interest which will render a witness incompetent to testify, must be some legal, certain, and immediate interest, in the result of the suit itself, or in the record thereof as an instrument of evidence to support his own claims, or to protect him from an admitted liability. Greenl. Ev. Vol. 1, § 386; Moore and Jones Adm. v. Henderson, 18 Ala. Rep. 232. If the interest be not of this character, but, on the contrary, be remote or contingent, and not certain and immediate, the witness is competent to testify, and such remote or contingent interest will go to his credibility, but not to his competency. This general rule all admit, and it is in the application of it to particular cases, that the conflict of opinion in the judgment of courts is to be found. This conflict, however, does not impair the rule, and we must test each and every case by it.

The facts of this case show that Warbington was liable to the plaintiff as the security of Parkenson, for the same debt for which the sheriff is sought to be charged for his neglect. But the judgment that was recovered against the sheriff, for his neglect to make the money on the execution against Parkenson, *within itself could not operate as a satisfaction* or discharge of the liability of the witness. Something else must be done besides the mere recovery. It must be paid, and the defendant in the execution, *under our decisions*, must insist *upon such payment, as a satisfaction*, thus recognizing it *as a payment* made for his benefit and at his request. Rutland's Adm. v. Pippin, 7 Ala. Rep. 419; Roundtree v. Weaver, 8 Ala. Rep. 314; 13 Ala. Rep. 357; Mooney and Black v. Parker, 18 Ala. Rep. 708. These authorities hold, that if a sheriff shall pay the amount of an execution, to discharge himself from liability for neglect in not making the money, the defendant may avail himself of such payment to have the judgment satisfied, but he thereby becomes liable to the sheriff for money paid for his use. Whether, then, the payment by the sheriff of the judgment against him, for his omission to make the money, would ever be a satisfaction of the judgment

against the original defendant, does not depend exclusively upon the mere payment by the sheriff of the judgment against him, but upon the further fact, whether the defendant in execution will so consider it, and thereby adopt it as his own; for if he does not, the judgment against him remaining unsatisfied may be enforced.

To this extent we have been driven by the decisions of our predecessors, and whether right or wrong, we must abide by the rule they have thus established. Perhaps it would have been better, to have held that the payment by a sheriff to discharge himself from liability, for failing to make the money on an execution, could not be invoked by the defendant in the execution, as a satisfaction of the judgment against him. But the law is settled otherwise. Admitting, then, that the defendant in execution may insist on such payment as a satisfaction, and thus render himself liable to the sheriff for money paid, will he do it? *That is uncertain, it is contingent.* Neither, therefore, the rendition of judgment against the sheriff, nor his subsequent payment of it, within themselves, and without more, would discharge the witness from his liability; it requires another voluntary act to be done by the defendant in execution, which he may or may not do, at his election. Whether, therefore, the liability of the witness would ever be discharged by the proceedings against the sheriff, depends on a contingency, and consequently he was legally competent to testify.

It may, however, be said, that the witness himself might insist upon the payment made by the sheriff, as a satisfaction of the judgment which he had become liable to pay by reason of the forfeiture of the bond on which he was security. To this we should answer, that if he could, he would thereby adopt such payment as his own, and become immediately liable to the sheriff for money paid for his *use.* His interest, therefore, even in that point of view, would be balanced. We are not, however, to be understood as deciding that a security upon a forthcoming bond can adopt the payment made by a sheriff in discharge of his liability for neglect, and thus have the judgment against the original defendant satisfied. All we intend to say is, if that could be allowed, under the decisions we have referred to, he would be considered as

adopting for his own benefit the payment by the sheriff, and therefore would be responsible to him for money paid. In no point of view can we see that the witness was incompetent from interest.

2. In regard to the admission of the secondary evidence of the contents of the execution, the court did not err. The execution was returned to the clerk's office before the search was made for it; and it was proved that diligent search was made for it, both by the clerk, who is the keeper of the records, and by the plaintiff's attorney. The presumption is that it was then lost, and of course this presumption would continue, until there was some evidence that it had been found since the search was made. The cases of Jones v. Scott, 2 Ala. 59, and Sturdevant v. Graves, 5 Ala. Rep. show that the predicate for letting in the secondary proof was entirely sufficient.

3. In reference to the instructions prayed by the defendant, it is enough to say, that they were properly rejected. A plaintiff in an execution surely has the right to order his own property to be released, if the sheriff levies upon it as the property of the defendant. Nor can this discharge the sheriff from his liability, for neglect in not making the money out of property which in fact belongs to the defendant. Nor can the sheriff claim to be exempt from liability, because the plaintiff releases a levy on property claimed by a third person, and who interposes his claim to try the right of property. The plaintiff may know the claim is just, or be unwilling to enter into a controversy about it. He has the right to release a levy so made, but the exercise of this right within itself cannot absolve the sheriff from liability for his own neglect in not making the money, especially when the liability by the sheriff had been incurred long before such levy was made.

We can perceive no error in the record, and the judgment must be affirmed.