Ross, Adm'r. v. Pearson.

SMOOT, for plaintiff in error.

PERCY WALKER, contra.

---

## ROSS, ADM'R. vs. PEARSON.

1. Where a creditor files, as a claim against an insolvent estate, an account for goods, wares and merchandize furnished to the intestate, and money paid for him, by the firm of which the creditor is the survivor; and the administrator, for the purpose of reducing the amount of the account, proves that the said firm collected money belonging to the intestate, upon the understanding that, when collected, it should be placed to his credit, the creditor may rebut this proof, by introducing evidence of another item of indebtedness from the intestate to the said firm, to which the money collected by them might have been applied, under the general authority given them by the intestate.

2. Although it is irregular to admit such rebutting proof before the administrator has offered the evidence which it is intended to rebut, yet its admission is not error, if the administrator admits that he will offer such evidence, and the record shows that it was subsequently introduced.

3. The individual debt of one partner cannot be set off against a partnership debt.

4. Although it is true, as a general proposition, that money voluntarily paid for another cannot be recovered from him, yet, if the payment is sanctioned and adopted by the debtor, he thereby makes the payor his agent, and the law then implies a promise to refund.

5. Where the evidence is such as to render the general rule of law inapplicable to the case, the court may properly refuse to give it in charge.

6. Where the charge given, if not critically correct, is fully as favorable to the plaintiff in error as if the court had charged the law correctly, the error furnishes no ground of reversal.

7. Where a surviving partner, on a settlement with the administrator of the deceased partner, accounts for a certain sum, as being due from a debtor to the firm. the settlement might, if unexplained, operate as an admission that such amount *only* was due from the debtor ; but it would not estop the surviving partner, in a suit against the debtor, from recovering a larger amount. There can be no estoppel, where there is no privity.

8. The fact that the items of an account are not charged in the order of their dates, if it could operate at all, would not necessarily raise any legal presumption against the correctness of the account, but, at the most, would be a circumstance whose weight must be determined by the jury.

ERROR to the Court of Probate of Randolph.

This was an issue under the act of 1843, to try the validity of a claim filed by the defendant in error against the estate of Andrew Burnham, deceased, which had been regularly declared insolvent, and of which the plaintiff in error had been appointed administrator *de bonis non*.

The bill of exceptions shows, that the claim consisted of an account for goods, wares and merchandize sold, and money paid for said Burnham, by the firm of Pearson & Culbreath, of which the defendant in error was surviving partner. The account commenced in November, 1842, and was brought down to 1845, and the balance claimed, after deducting various credits, was $159 28. On the trial, Pearson offered evidence to show, that the said firm had sold and delivered to said Burnham a yoke of oxen, worth $40 ; which evidence was objected to by the administrator, on the ground that they were not charged as an item in the account; but the objection was overruled, and the evidence was allowed to go to the jury, for the purpose of rebutting certain evidence to be offered by the administrator; and to its admission the administrator excepted. Pearson also introduced evidence to show, that said firm had paid out sums of money to different persons for the intestate, which payments the intestate afterwards approved and confirmed.

The administrator offered evidence to show, that said Burnham had placed notes and accounts on several persons in the hands of said firm for collection, upon the understanding that the money as collected should be placed to his credit; that said firm was dissolved in the fall of 1845, and that said Culbreath died in March, 1846, and Burnham in July, 1848. He also proved, by the administrator of Culbreath, that he had a settlement with said Pearson, as surviving partner of said firm, and that, on such settlement, Pearson only accounted to him for $36 23, as the only debt due to the firm by said Burnham. He also proved, that other moneys amounting to $60 had been paid to said firm, on debts due to said Burnham; that, after Culbreath's death, Pearson closed up the unsettled business of the firm. He further offered to prove, that another sum of money was paid to said Pearson, as agent for said Burnham; but Pearson objected to such evidence, and his objection was sustained; to which the administrator excepted. The account filed contained items for articles sold in 1842, 1843 and 1844, and afterwards another item for articles sold in 1843.

Upon this evidence, the administrator requested the court to charge:

1. That, to authorize the defendant in error to recover for money paid out by said firm for said intestate, there must be proof of a previous request; which charge the court refused, and charged the jury: that, if the money was paid out, and the intestate, on being informed of it, did not object, but approved of the payment, then the law raised the presumption of a previous request;

2. That, if, after the death of Culbreath, Pearson, as the surviving partner of said firm, accounted with Culbreath's administrator for $36 23, as all that was due from said Burnham to said firm, up to the time of its dissolution by Culbreath; and if said firm had collected money on debts due to said Burnham, placed in their hands for collection, with the understanding that they were to be placed to his credit when collected, which they had not placed to his credit or otherwise accounted for; that the money so collected, and not placed to his credit, or otherwise accounted for, should be deducted by the jury from whatever sum was due to said

Pearson; and that, if such amount was larger than the amount admitted by him to be due on the account, they should find for the plaintiff in error; which charge the court refused, and the administrator excepted;

3. That the charging of an item for 1843 after items for 1844, was an irregularity, which raised a presumption against the fairness of the account, unless explained by proof. This charge also the court refused to give, and the administrator excepted.

The admission of the evidence objected to, the exclusion of that offered by the administrator, the refusal to charge as requested, and the charges given, are severally assigned for error.

HEFLIN, for plaintiff in error.

FALKNER, contra.

GOLDTHWAITE, J.—The claim of the defendant in error was founded upon an account for goods, wares and merchandize sold to the intestate of the plaintiff in error, and money paid for him; and the first question which is presented upon the record is, as to the admissibility of the evidence tending to show the indebtedness of the intestate for the yoke of oxen. This indebtedness did not constitute any item of the account filed, and could not, therefore, have been given in evidence to support the claim against the estate, and had it been received for that purpose, its admission would have been erroneous. But it is urged, that, although not admissible in that aspect, yet, as the evidence introduced by the plaintiff in error was for the purpose of reducing the account filed, by showing the collection of money by the firm of which the defendant in error was the survivor, upon debts due the intestate, and upon the agreement that it should be passed to his credit, that it was admissible for the purpose of showing a debt to which the funds thus collected were applied.

The bill of exceptions does not inform us, with positive certainty, that the evidence which it was offered to rebut, was brought to the view of the court; but, as all reasonable inferences must be made to sustain the judgment, we presume that it was admitted on the trial, by the plaintiff in error, that

such evidence would be offered; and in that point of view, its admission, though irregular, would not be error, if the record shows that testimony was subsequently introduced which would have rendered it admissible. The record does show affirmatively, that debts due to the plaintiff in error were collected by the firm of which the defendant in error was the survivor, belonging to the intestate, and upon the understanding that the amounts should be passed to his credit; and we regard the authority given to the firm, to credit the intestate with the sums thus collected, as sufficient to authorize the application of the money to the payment of any claim which such firm held against him. And, while the evidence objected to could not have been admitted to offset the indebtedness attempted to be raised, by the testimony in relation to the collection of the money; yet it was admissible for the purpose of showing a demand to which the collecting agents had the right to appropriate the funds collected. It may be remarked also, that the account against the estate was, so far as we are able to judge from the bill of exceptions, a store account, and the purchase of the oxen might well be considered as a transaction outside of the mercantile business, and for that reason not included in the account.

In relation to the evidence tending to show that an amount due to the intestate of the plaintiff in error had been paid to the defendant in error, as his agent, there was no error in refusing to admit it. It was an attempt to set off the individual debt of one partner against a partnership debt, which is in direct opposition to the principle asserted in the case of Taylor v. Bass, 5 Ala., 110. See also Von Pheel v. Connally, 9 Porter, 452.

Neither was the refusal to charge "that, to authorize the plaintiff below to recover for money paid, a previous request was necessary," under the circumstances, erroneous. Evidence had been offered, tending to show that the payments made by the defendant in error had been sanctioned and approved by the intestate; and, although it is true, as a general proposition, that money paid voluntarily cannot be recovered back, yet, if the payment is sanctioned and adopted by the debtor, he, by that act, makes the payor his agent, and the law then implies a promise to refund. Roundtree v. Holloway, 13

Ala., 357; Kenan v. Holloway, 16 Ala., 53. The legal proposition asserted by the charge asked was correct, as a general rule; but, as the evidence tended to show an approval of the payment by the real debtor, the giving of a charge which merely stated the general rule would probably have misled the jury, and therefore would have been improper. We think the true doctrine is, that where the evidence is such as to render the general rule inapplicable, the court may properly refuse to give it in charge. The charge given in connection with the evidence referred to, "that, if money was paid out, and the intestate, on being informed of it, approved of the payment, then the law raised a presumption of a previous request," if not critically correct, was fully as favorable to the plaintiff in error, as if the court had charged, that the adoption by the debtor of a payment made without request would have the effect to charge him; and this being the case, the error furnishes no ground for reversal. Randolph v. Carleton, 8 Ala., 606.

The concluding portion of the second charge which was requested, was in substance, that, if the defendant in error, as the surviving partner of Pearson & Culbreath, accounted only for the sum of $36 23, to the administrator of his deceased partner, as all that was due from the intestate to the firm, and that there had been collected, of the debts due to the intestate, an amount sufficient to pay the sum thus accounted for, upon the agreement that it should be placed as received by the firm to the credit of the intestate, in that event they should find in favor of the plaintiff in error. The legal proposition asserted by this part of the charge is, that the accounting with the administrator of a deceased partner for a certain sum, as due from a debtor to the firm, would estop the surviving partner from the recovery of a larger amount from the debtor. The accounting for a certain sum with the representative of the deceased partner, might be evidence which, if unexplained, would operate as an admission that such amount only was due; but if the settlement had been made with the debtor himself, it would not have precluded the recovery of items which were not included in the settlement, and which were shown by the evidence to be due; and if it could not have that effect when made with the

debtor, *a fortiori*, it could not when made with a third person. There can be no estoppel, where there is no privity. Miles v. Miles, 8 W. & S., 135.

Neither was there any error in the refusal of the last charge requested. If there was a want of proof as to any particular item of the account, such item could not be recovered, and if the law allowed the books to be introduced as evidence, any irregularity in keeping them might very properly have been taken into consideration by the jury; but, as, under the issue in this case, the whole account was necessarily required to be established by proof, we do not see how the connection in which the various items of which it is made up were stated, can be taken as any evidence against its correctness. If, however, the fact which forms the basis of this charge could operate at all, we do not think it would necessarily raise any legal presumption against the correctness of the account, but, at the most, it would be a circumstance the weight of which it would be proper for the jury to determine. Had the charge been given in the terms in which it was asked, it would have been equivalent to instructions, that the account must be regarded as unfair unless the circumstance referred to was explained by proof. There was no error in its refusal.

The judgment must be affirmed.