# Denby *v.* Mellgrew.

*Bill in Equity to enjoin Action at Law.*

| 58 | 147 |
| 98 | 312 |

| 58 | 147 |
| 123 | 604 |

| 58 | 147 |
| 140 | 219 |

1. *Mortgagee; title of, who can not set up against mortgagor or his heir.*—After default in the payment of the mortgage debt, the legal estate in the mortgaged property vests unconditionally in the mortgagee, and there remains in the mortgagor only an equity of redemption ; yet, as against all the world, except the mortgagee and his privies in estate, the mortgagor or his heir at law may be regarded as the owner of the fee, and strangers can not set up the mortgage to defeat a recovery in ejectment by him.

2. *Mortgagee in possession; what must do when seeking to foreclose.*—A mortgagee or his assignee, who is in possession, may come into equity for a foreclosure, although he is clothed at law with the legal title; but when he comes into equity for that purpose, he must offer to do equity by accounting for rents and profits.

3. *Assignee of mortgage debt, when necessary party to bill for foreclosure.*—Where a mortgage debt is assigned by parol, the legal title remaining in the mortgagee, he is a necessary party to a bill for foreclosure filed by the assignee.

4. *Payment of debt by third party without request; when debtor liable to party paying.*—Although generally one man can not make another his debtor by paying his debt to a third party without his request; yet, if the debtor avails himself of the payment, by insisting on it as a satisfaction of the debt, he thereby becomes liable to the party making the payment.

APPEAL from Chancery Court of Mobile.

Heard before Hon. HURIOSCO AUSTILL.

This was a bill filed by appellant, Charles Denby, to enjoin an action of ejectment, commenced by appellee, Mellgrew, by his next friend, for the recovery of the possession of a certain lot in the city of Mobile.

Mellgrew's claim of title is as follows : One C. F. Mellgrew conveyed the lot in controversy to Eliza, his wife, in fee, by voluntary deed, in March, 1858. Mrs. Mellgrew died May 8, 1862, leaving an only son, George H. Mellgrew, who was killed in battle, in June, 1863, leaving the appellee his sole heir.

The appellant claims an equity growing out of the following facts: C. F. Mellgrew, before his marriage with his wife, executed a mortgage on the land to Nicholas Thompson, in 1856. He and his wife, in 1859, executed a mortgage on the same lot to Collier H. Minge, and in June, 1862, they executed another mortgage on the same lot to Welsh. In June, 1863, Briggs, wishing to purchase the lot, negotiated with Thompson, the first mortgagee, and paid to him the amount due upon the several mortgages, which Thompson bought up

and transferred to Briggs. The balance of the purchase-money agreed on was paid to C. F. Mellgrew, who thereupon executed to Briggs a warranty deed and put him in posses-sion. In November, 1863, Briggs sold and conveyed the premises by warranty deed to Spence, who, in 1866, conveyed them by warranty deed to the appellant Denby. There is no averment that any of these mortgages were assigned by Briggs to Spence, or by Spence to Denby, the appellant. The bill prayed that appellees be perpetually enjoined from prosecuting their ejectment suit, or if the court was of opin-ion that they held the legal title, that they be required to pay back and refund the several sums, with interest, which had been paid by Briggs in order to free the said property from encumbrances. There is no offer in the bill to account for rents and profits, and a demurrer was interposed, which assigned this failure to do so, among other grounds. The chan-cellor, on the hearing, dismissed the bill for want of equity and dissolved the temporary injunction which had been granted, and this decree is now assigned as error.

D. P. BESTOR, for appellant.

HERNDON & SMITH, contra.

BRICKELL, C. J.—Unless the bill is intended as a bill for foreclosure of the several mortgages, of which the com-plainant claims to be the equitable owner, it is without equity. As to the appellee, the complainant, is, at law, seized in fee of the legal estate, and has a full and complete defense to the action of ejectment. The conveyance to Eliza Mellgrew, the source of the title of the appellee, was subject and subordin-ate to the prior mortgage, the grantor had executed to Nich-olas Thompson. The conveyance created by its terms in Mrs. Mellgrew an equitable, not a statutory separate estate. This estate she could mortgage, or alien on any valuable con-sideration, in the mode prescribed by the statutes, as if she were a *feme sole.*—*Short v. Battle*, 52 Ala. 456. The subse-quent mortgages executed by her and her husband, were valid and operative, at law, conveying the premises to the several mortgagees, on condition, of which, in a court of law, the estate was freed, when broken by the default of the mort-gagors. In a court of equity, there remained in the mortgag-ors, an equity of redemption—the right to revest themselves with the estate, on the payment of the mortgage debt. This equity descended to the appellee. As to all others, than the mortgagees, and their privies, the mortgagor, or his privies in estate may be regarded as the owners of the fee—strangers

may not set up the mortgages as an outstanding title, to bar entry, or defeat an action for the recovery of possession. The mortgagees, and their privies may, for at law they are entitled to the possession, and are the owners of the legal estate.

Whatever may be said in reference to the other mortgages, and the relation of the appellee to them, it is certain he is the assignee of the mortgage to Minge, and that the assignment passed not only the mortgage debt, and would in equity operate as an assignment of the mortgage, but being by deed, with proper words of conveyance, passed the legal title, and is a conveyance of the land itself.—*Graham v. Newman*, 21 Ala. 497. The assignee, Briggs, by deed conveyed to Spence, with covenants of warranty, and he having in like manner conveyed to the appellant, the legal estate became vested in the appellant, and must prevail at law over the equity of the appellee. No question of the priority of the several mortgages can arise between the parties to this controversy. The mortgages are all operative against the appellee, and as between him and the several mortgagees, each is at law a conveyance of the legal title.

Though a mortgagee or his assignee is in possession, and is clothed at law with the legal estate, he may come into equity for a foreclosure. The quieting of the title, the prevention of future litigation, is a substantial ground for the interference of equity. But when he comes, he must offer to do equity—to account for rents and profits, which it is the right of the mortgagor to have applied to the payment of the mortgage debt. The present bill is wanting in such offer, and the defect was one of the grounds of demurrer.

A transfer of the mortgage debt, whether by writing or by parol, is in equity the assignment of the mortgage.—*Duval v. McLoskey*, 1 Ala. 208. If the assignment is not in writing, but by parol, the legal title to the debt, and the legal title in the premises remaining in the assignor or mortgagee, the assignee seeking a foreclosure, must make the assignor a party, that the legal title and estate may be bound by the decree.—*Prout v. Hoge*, present term.

The present bill is defective for want of parties, the mortgagees, Thompson and Welch, to whose mortgages we think the complainant is in equity entitled to be subrogated, not being made parties. The general rule may be, as stated by the Chancellor, that no man can make another his debtor without his consent. And if one without request, pays money in satisfaction of the debt of another, it can not be recovered. The law, however, is not so unconscionable, as to permit the debtor to avail himself of the payment, and yet

[Chandler v. Tardy.]

escape liability to the party making it. By accepting and insisting on the payment, as a satisfaction of the debt of his creditor, he becomes liable, and the debtor of the party making the payment.—*Roundtree v. Weaver*, 8 Ala. 314; *Roundtree v. Halloway*, 13 Ala. 357; *Evans v. Billingsley*, 32 Ala. 395. The appellee may not claim the benefits of the payment made by Briggs, and yet escape liability to him. It is apparent from the whole transaction, that the application of the purchase-money of the premises, paid by Briggs to the several mortgagees, was designed only for the purpose of removing the mortgages as incumbrances on the premises, and perfecting his title. To allow such payments to operate as a satisfaction of the mortgages, converting the equity of redemption into a legal estate, would defeat the intention of the parties, and would be inequitable—the mortgagor would simply take without compensation the money of another. Justice is done, the intention of the parties consummated, when the complainant, who has succeeded to the estate of Briggs in the premises, is allowed to claim these debts shall be satisfied, before the mortgagors or their heirs shall be revested with the legal title.

The decree of the Chancellor must be affirmed.